FOOTMAN, ET. AL., COMPL'TS. VS. THE EX'ORS OF JOHN PRAY, DEF'TS..

## In Equity.

All persons materially interested in the subject matter of the suit, must be made parties to a bill in equity.

But this rule is to be enforced under the discretion of the Court, and is subject to exception and modification, according to the circumstances of the case.

The common exception in favor of creditors and legatees, will not extend, unless under special circumstances, to residuary legatees or distributees, all of whom must be made parties.

Where a bill seeks discovery and relief only against the acts of one of the executors of an estate, it is not necessary to make the other executor a party in the first instance.

But *it seems*, that the co-executor may be made a party, during the progress of the suit, if it shall prove to be expedient or necessary.

A mere witness ought not to be made a party to a suit in chancery.

## By LAW, Judge.

THIS is a bill filed by some of the devisees and legatees of *James B. Maxwell*, against the executors of *Col. John Pray*, who was one of the qualified executors of said *J. B. Maxwell*. It prays an account and settlement of the estate of *Maxwell* so far as the same came into the hands of defendants' testator, and was administered by him; for relief against certain sales and purchases of the property of said estate made under the administration of the said *John Pray*; that such of the effects of said estate in the hands of said *John Pray* at the time of his death undisposed of, or as have come into the hands or possession of defendants' since his death, may be delivered over to complainants and others, the legatees and devisees of the said *Maxwell*, and for general relief.

To this bill a plea and demurrer have been filed, for want of parties. The plea states that *Genl. D. B. Mitchell* was appointed an executor, and qualified upon the will of *James B. Maxwell*, to-

gether with *John Pray*, the immediate testator of these defendants ; that it was by the advice, and with the consent of *Genl. Mitchell* that *Pray* acted in the management of the estate : that *Mitchell* had never been dismissed from said estate, but is still the executor, and submits the necessity of making him a party to this bill.

Who are necessary parties to a bill in equity, it has been remarked, is frequently a question of difficulty and embarrassment ; and great care should be taken on this subject in framing a bill, or the plaintiff may be subjected to much inconvenience, expense and delay. The general rule is plain enough : *it is that all persons, materially interested in the subject matter of the suit, ought to be made parties, plaintiffs or defendants.* The reason of the rule is most satisfactory. It is, that the Court may be enabled to do complete justice by deciding upon, and settling the rights of all interested; that the order of the Court may be safely executed by those who are compelled to obey it, and that future litigation may be prevented by rendering a multiplicity of suits unnecessary. But, as by the very reason assigned for the existence of the rule, it is apparent, that it is one adopted by the Courts for the convenient advancement of justice, it will not be permitted so rigidly to be urged as to impede the march of justice. Framed by the Court itself, it is subject to its discretion ; introduced for the purpose of justice, it is susceptible of modification ; for the promotion of justice, it becomes a question of policy.*

Thus it is not an inflexible rule, but admits of many exceptions—as when a party is out of the jurisdiction of the Court, or they are very numerous and cannot conveniently be made. The case of a few creditors or legatees suing on behalf of themselves and others, and many other cases which form exceptions to the general rule, might be mentioned. In the case of *Cowslad* vs. *Cely*, (Pr. in Ch.

---

* Mechanics' Bank of Alexandria vs. *Seton*, (1 *Peter's* S. C. Rep. 306.)—(*Ed.*)

83, 1698,) the plaintiff being a residuary legatee, brought his bill against the defendant, who was one of the executors (without his co-executor,) to have an account of his own receipts and payments. Defendant insisted at the hearing that his co-executor ought to be made a party. The Chancellor said, the cause shall go on, and if upon the account any thing shall appear difficult, the Court will take care of it. It does not appear in this case whether the co-executor was without the jurisdiction of the Court, but it may have been so, from the concluding remark of the Chancellor, in which he compares it to the case of joint factors, one of whom is abroad; but the decision as reported does not turn upon that. In the case of *Clifton* against the executors of *Haig*, (4 *Dess.* Eq. Rep. 343,) it was objected that Major *Wise* left other executors who should have been made defendants, as they may have possessed the estate in whole or in part, and may have made settlements and payments, all which ought to be disclosed, particularly Gen. *Harrington*, who certainly did qualify and act as executor. It appears by the facts in that case that Gen. *Harrington* had removed to North Carolina, and that the other executor was abroad, and the Court sustained the bill against the executors of *Haig*, the deceased executor of *Wise*, who had principally acted on his estate. And whilst it is true that the other executors were without the jurisdiction of the Court, it seems to me that the reasoning was not confined to such a case. I may ask here, as the Court did then, *cui bono* is this objection? Why make Gen. *Mitchell* a party? who is to be benefitted by it? It is expressly charged in the bill that the executor, *John Pray*, took upon himself the sole execution of the will of *Maxwell*—it charges nothing against *Mitchell*, and seeks no relief against him. It is not necessary that he should be made a party in order to the defence of the other executor, *John Pray*, since each executor is responsible for his own acts, and no more. And the bill in this case seeks a discovery and account of the estate so far as they depend upon the transactions of *Pray*. But it is competent for the complainant to waive relief against one even

at the hearing, and thus obviate the necessity of making him a party. (2 Mad. Ch. 174.)   The only benefit that could be obtained by making him a party, would be, that it would tend to throw light on the transactions ; but under the circumstances, he could be made a witness—and it is a rule that a mere witness ought not to be a party. (*Cooper's* Eq. Pl. 41.)*

From the great length of time since this estate has passed into the hands of the executor, and from the dispositions of the property charged in the bill, it is to be presumed that the debts are paid ; but if in the progress of the cause, when the accounts of the defendants shall be made, it shall appear that the interest of creditors requires this representative of the estate to be made a party, the Court would take care of it.

There is another difficulty in this case, presented by the demurrer which has been also filed, and which shews that the widow and the children of the testator, Mr. *Maxwell,* are equally entitled under his will, with the complainants, and submits the necessity of making them parties.   The will, after *giving* various small legacies, in the 8th item says, "I give all the *residue* of my estate, both real and personal, share and share alike, unto my wife and all my children."   He then directs his wifes part to be delivered to her after his debts are paid ; that his sons shall draw off their proportion as they become of age, and his daughters at seventeen or day of marriage.   I have already adverted to the exceptions to the general rule.   When the parties are very numerous, as when the residue of an estate is left to the individual members of a large society, the abatement in the progress of the cause which frequently results from death and changes of situation, is so great, that the Court will dispense with the necessity of having all the parties before it.   Justice would be delayed by it.   But unless un-

* *Whitworth* vs. *Davis,* 1 Ves. & B. 550.—(*Ed.*)

der some special circumstances like these, it is an *established* rule that *residuary* legatees must all be before the Court. All persons interested in the residuum must be parties to the suit. In *Parsons* vs. *Neville*, (3 Bro. Ch. C. 365) bill by some of the residuary devisees on behalf of themselves and others, it was decided that all the devisees must be made parties. In *Sheritt* vs. *Birch*, (3 Bro. C. C. 228,) bill as to moiety—one moiety limited to A. for life, and upon her decease to such persons as she should appoint, and in default of appointment, to other persons—all the persons interested under the limitations must be parties to a bill for the payment of the first mentioned moiety. This rule is recognized by the master of the rolls, Sir *Wm. Grant*, (19 Ves. Jr. 399.) In *Cockburn* vs. *Thompson*, (16 Ves. Ch. Rep. 325,) the Chancellor says, all persons interested in the residue must be before the Court, except when not necessary or inconvenient, which latter remark he illustrates by referring to the *Water Works Company*, (2 Vernon, 421,) where the residue was left equally among all the individual members of the company. The same doctrine is fully stated by Chan. *Kent* and by Judge *Story*.* In which latter case, the whole learning upon the subject may be collected. In the case of creditors and legatees, other than residuary legatees, the Court will permit a few to sue on behalf of themselves and others, and the practice of the Court is framed with a view to the peculiar nature of the trust and duties of an executor, to prevent inconvenience in the administration of assets and burthening the fund to be administered, and will direct a general account of all the legacies of testator, and when it has pronounced a decree for an account and payment of debts or legacies, under which all creditors or

---

* *Wendell* vs. *Van Rensellaer*, (1 John. Ch. Rep. 349.) *Wiser* vs. *Blachley*, ibid, 437. *Brown* vs. *Ricketts*. (3 John. Ch. Rep. 553.) *Davone* vs. *Fanning*, (4 John. Ch. Rep. 199.) 2 *Mason's* Rep. 189. *Coldwell* vs. *Taggart*, et. al. (4 Pet. S. C. Rep. 202--3.) But see *Dandridge* vs. *Washington's* Ex'ors. (2 Pet. S. C. Rep. 377.) See also, " *Calvert* on parties to suits in equity," *passim*. " Law Library"—for July and August, 1837.—(*Ed.*)

[Footman, et. al. vs. Pray.]

legatees may claim, it will restrain subsequent proceedings either at law or in equity by a separate creditor or legatee. (*Mitford,* 137.) But these are cases when the legacy is specific, or the suit for a sum certain on the face of the will, for there is nothing to controvert with the other *cestuis que trust* and they need not all be made parties. So it has been held that when a party is entitled to one aliquot proportion only of a certain sum in the hands of trustees, if the proportion and the sum be clearly ascertained, and fixed upon the face of the trust, he may file a bill to have it transferred to him, without making the persons entitled to the other aliquot shares of the fund parties. But when a *distribution of the residue* is prayed for; where the estate to be distributed is entirely uncertain and dependent upon an account of the estate, the rule in relation to residuary legatees must be applied, and all must be parties, for those not before the Court could not be bound by the account then taken, and could bring a bill after the decree, *if they did not* choose to come in; and it is the duty of the Court to protect the executors against further litigation. (1 Ves. Jr. 311. 2 Mason, 181. 3 Mad. Rep. 10.)

The case before me is strictly a case of residuary legatees. The plaintiff shews no cause or reason for not making them parties. He does not state that they refused to be made plaintiffs, or that they could not be made defendants. It is stated in a book of authority, (*Cooper's* Eq. Pl. 39–40,) that one of the next of kin of an intestate, may sue for his distributive share, and the master will be directed to enquire and report all the next of kin who may come in under the decree. But if the plaintiff knows and states in his bill who are the other next of kin, it seems that he must make them parties to the suit. This has been questioned and doubted, but admitting it to be true, the present plaintiffs could not have the benefit of it, for they do know and have stated in the bill the next of kin.

[Footman, et. al. vs. Pray.]

The plea in this case is disallowed, but the *demurrer* is *sustained*. The plaintiff must amend his bill by making the other legatees and devisees parties.

---

By an Act of the General Assembly of Georgia, passed 29th Dec. 1836, (*Prince's* Dig. 2d ed. p. 475,) it is made lawful for any one distributee, or person interested in any estate, to institute his or her bill or other proceeding in equity, without joining as complainants, or making respondents, the other distributees, or persons having an interest in said estate, residing within the jurisdiction of the Court; but it is made the duty of the complainant to state the names of all persons interested in the estate, that the Court may be enabled to ascertain the amount of the distributive share, to which such complainant is entitled, *as nearly as practicable.*—(*Ed.*)